IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| DIANNA L. RICH, ) | |
| ) | CASE NO. BK10-83701-TLS |
| Debtor(s). ) | A11-8073-TLS |
| SYLVAN LEARNING, INC., ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| DIANNA L. RICH, ) | |
| ) | |
| Defendant. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on December 17, 2012, on the motion for summary judgment (Fil. No. 19) filed by Defendant/Debtor Dianna L. Rich. Douglas E. Quinn appeared for Ms. Rich and Michael J. Whaley appeared for the plaintiff, Sylvan Learning, Inc. For the reasons stated below, the motion is granted.

*I. Background*

The relevant facts are not in dispute. At all material times, Ms. Rich was the president and sole shareholder of Rich Learning Centers, Inc., a franchisee of Sylvan Learning, Inc. Ms. Rich guaranteed the obligations of Rich Learning to Sylvan. On January 22, 2010, Rich Learning filed for relief under Chapter 11 of the United States Bankruptcy Code (Case No. BK10-80177), which case was later converted to a Chapter 7 proceeding. During the course of that case, Rich Learning and its primary lender, Mutual of Omaha Bank, entered into a stipulation for use of cash collateral. Rich Learning filed a motion for approval of the stipulation, no resistance was filed, and the motion was granted.

The stipulation for use of cash collateral allowed Rich Learning to use cash collateral for the purpose of operating expenses provided that the expenditures do not exceed those set forth in an attached budget. It also provided "that any distributions or wages paid to the owner of the Debtor, Dianna L. Rich, not exceed $6,000 per month . . . ." Sylvan alleges that Ms. Rich violated the terms of the cash collateral stipulation, and the order approving the stipulation, by paying herself gross wages of more than $6,000 per month. Ms. Rich denies that she paid herself more than $6,000 per month. Specifically, Ms. Rich interprets the stipulation as allowing a "net" (rather than a gross) payment to her of no more than $6,000.

## *II. Discussion*

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004). To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted).

Section 727(a)(6)(A) of the Bankruptcy Code provides a debtor's discharge can be revoked if the debtor refuses to obey a lawful order of the bankruptcy court. Section 727(a)(7) provides that a debtor's discharge can be revoked if the debtor commits any of the acts specified in § 727(a)(6) in connection with another bankruptcy case concerning an insider. Revocation is an extraordinary remedy, *Miller v. Kasden (In re Kasden)*, 209 B.R. 239, 241 (B.A.P. 8th Cir. 1997), which a trustee or other party in interest may obtain by an appropriate showing by a preponderance of the evidence. *State of Missouri ex rel. Nixon v. Foster (In re Foster)*, 335 B.R. 709, 714 (Bankr. W.D. Mo. 2006); *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 324 (Bankr. N.D. Ohio 2006). The statute is construed strictly against the party seeking revocation and liberally in the debtor's favor. *Kaler v. Olmstead (In re Olmstead)*, 220 B.R. 986, 993 (Bankr. D.N.D. 1998). In exercising its discretion to deny a debtor's discharge if it finds that the debtor refused to obey a lawful court order in another bankruptcy case concerning an insider, the bankruptcy court must balance the policy in favor of liberally applying the Bankruptcy Code to grant discharge to the honest debtor against the policy of denying relief to debtors who intentionally engage in dishonest practices and violate the Bankruptcy Code. *Solomon v. Barman (In re Barman)*, 237 B.R. 342, 352 (Bankr. E.D. Mich. 1999).

Ms. Rich first asserts that Sylvan is simply an unsecured creditor that does not have standing since it was not a party to the stipulation that Sylvan alleges was violated. I disagree. Section 727(c)(1) clearly provides that a trustee, creditor or United States Trustee may object to discharge under § 727(a). There is no requirement that the objecting party be involved in the order that was violated.

Ms. Rich next asserts that the facts show she did not pay herself more than the stipulation allowed and that even if she did, she did not intend to violate the stipulation. Sylvan disagrees, both as to the amount paid to Ms. Rich as well as whether intent is a factor to be considered. Sylvan argues that genuine issues of fact remain to be resolved and that summary judgment should not be granted to Ms. Rich.

Before addressing the issues in dispute between the parties, it must be determined whether the order approving the stipulation constitutes a "lawful order of the court" within the context of

§ 727(a)(6). The term is not defined in the Bankruptcy Code, so courts have turned to its common meaning. "[T]he term 'lawful order of the court' refers to any command, direction, or instruction issued by a court which is permitted by law." *Standiferd v. U.S. Trustee*, 641 F.3d 1209, 1213 (10th Cir. 2011) (citing Black's Law Dictionary). Here, the "order" at issue is a stipulation that was an agreement between Rich Learning and Mutual of Omaha Bank regarding the use of the bank's cash collateral. Section 363(c)(2) authorizes a debtor in possession to use cash collateral in the ordinary course of business only if each entity having an interest in the cash collateral consents or the court authorizes its use. Therefore, because the bank consented by the terms of the stipulation, court approval of the stipulation was not even necessary in order for Rich Learning to use the bank's cash collateral.[1] Further, the court did not "order" anybody to do anything when it approved the stipulation. Even if the facts would show that Ms. Rich received more money than the stipulation allowed, the result would be a violation of the stipulation – not a violation of a court order. The order simply approved the agreement of the parties and was not the type of order that seems to be contemplated by § 727(a)(6).[2]

Having determined that there is no court order to which § 727(a)(6) is applicable, it is not necessary to decide whether Ms. Rich did or did not violate the stipulation, and Ms. Rich is entitled to judgment as a matter of law.

IT IS ORDERED: Defendant Dianna L. Rich's motion for summary judgment (Fil. No.19) is granted. Separate judgment to be entered.

DATED: January 3, 2013

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　*Douglas E. Quinn
　Michael J. Whaley
　U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] Court approval was, however, necessary to authorize the granting of the post-petition replacement lien as set forth in the stipulation.

[2] To be clear, this Order is based on the facts and circumstances of this case and is not intended to stand for the proposition that violation of a stipulation approved by the court can never lead to denial of discharge.